UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROY WIEDRICH,

        Plaintiff,

  v.

                                 Case No. 20-cv-92-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The court issued an order requiring the plaintiff to file an amended motion to proceed without prepaying the filing fee, dkt. no. 5, and the plaintiff has filed that amended request, dkt. no. 6.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, he is not married, and he has no dependents he is

responsible for supporting. Dkt. No. 6 at 1. The only income listed by the plaintiff is $192 per month in food share; he has no expenses. Id. at 2-3. The plaintiff owns a 1999 Jeep Cherokee Sport worth approximately $250, he does not own a home or any other property of value, and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states that he is "staying with family and friends who are supporting [him]." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied benefits by the Commissioner for lack of disability, that he is disabled and that the conclusions and findings of fact by the defendant when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law

or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 27th day of January, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**